J-A22019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAISA CORREA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LAMBERTON | : | |
| | : | |
| Appellant | : | No. 272 MDA 2021 |

Appeal from the Order Entered January 22, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2020 FC 40582

BEFORE:  BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: DECEMBER 15, 2021**

Appellant, Christopher Lamberton, appeals from the order entered on January 22, 2021, which denied his petition to vacate a final order entered against him pursuant to the Protection From Abuse ("PFA") Act, 23 Pa.C.S.A. §§ 6101-6122.  We dismiss this appeal.

Briefly, we summarize the relevant facts and procedural history as follows.  Appellant and Jaisa Correa are unmarried but share a minor child. Trial Court Opinion, 5/17/21, at 1.  On June 15, 2020, Ms. Correa filed for and was granted a temporary PFA order against Appellant.  *Id.*  Thereafter, on September 2, 2020, a three-year final PFA order was entered by agreement of the parties.  *Id.* at 2.; *see also* Final PFA Order, 9/2/20.

On January 6, 2021, Appellant filed a petition to vacate the final PFA order.  Trial Court Opinion, 5/17/21, at 2.  The trial court held a hearing on

Appellant's petition on January 22, 2021. *Id.* At the conclusion of this hearing, the trial court denied Appellant's petition. This timely appeal followed.[1]

After receiving an extension, Appellant's counsel, Andrew Joseph Katsock, III, Esquire (Attorney Katsock), filed a timely brief on July 30, 2021. Appellant, acting *pro se*, requested oral argument before this Court. *See* Reply Letter, 8/22/21. Accordingly, this Court scheduled oral argument for October 13, 2021 and notified the parties. *See* Superior Court Letter, 9/8/21.

On October 6, 2021, Attorney Katsock petitioned this Court for leave to withdraw as counsel for Appellant pursuant to Rule 1.16(a)(3) of the Pennsylvania Rules of Professional Conduct which obligates withdrawal when a client discharges an attorney from representation. *See* Attorney Katsock's Petition, 10/6/21. We granted Attorney Katsock's petition to withdraw on October 8, 2021 in a *per curiam* order and directed the Prothonotary to send a copy of that order to both Attorney Katsock and Appellant. *See Per Curiam* Order, 10/8/21. On the same date, we sent a letter directly to Appellant, identical to the one sent on September 8, 2021, reminding Appellant that his

_____

[1] Appellant filed a timely notice of appeal on February 22, 2021. Pursuant to Pa.R.A.P. 1925(b), on March 3, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, which Appellant timely filed on March 24, 2021. The trial court issued its 1925(a) opinion on May 17, 2021.

appeal was listed for oral argument on October 13, 2021. **See** Superior Court Letter, 10/8/21.

Despite requesting oral argument before this Court, Appellant discharged his counsel and subsequently failed to appear at the scheduled proceeding. Pursuant to Pa.R.A.P. 2314, "[i]f appellant or the moving party is not ready to proceed when the case is called for oral argument, the matter may be dismissed as of course." Consequently, we dismiss this appeal.[2]

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2021

---

[2] Even if we were to consider the case on the merits, we would affirm. All of Appellant's arguments on appeal involve challenges to the propriety of the final PFA order entered on September 2, 2020. **See** Appellant's Brief at 4-5. Appellant, however, concedes that "there is no dispute as to whether the Appellant understood that he agreed to a PFA involving [Ms. Correa.]" **Id.** at 11. Accordingly, Appellant's arguments lack merit and we would affirm the trial court's determination if we were to address the substance of this dispute.